**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CALEEM LARONDE,

      Petitioner,

v.                                Case No. 8:21-cv-1554-CEH-NHA

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

**ORDER**

Petitioner, a Florida inmate, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("petition") (Doc. 1) and argument supporting the timeliness of the petition (Doc. 2). Respondent moves to dismiss the petition as time-barred (Doc. 10), which Petitioner opposes (Doc. 11). Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

On October 13, 2010, Petitioner was convicted of robbery with a firearm, attempted robbery with a weapon, and felony battery (Doc. 10-2, Ex. 2). And on December 3, 2010, he pleaded guilty to possession of cocaine, possession of drug paraphernalia, and high-speed fleeing to elude (*Id.*, Ex. 3). He was sentenced on December 3, 2010, to thirty years in prison (*Id.*, Ex. 4). His convictions and sentences

were affirmed on appeal on November 2, 2012 (*Id.*, Ex. 6). *See LaRonde v. State*, 103 So.3d 158 (Fla. 2d DCA 2012).

On August 30, 2013, Petitioner moved for post-conviction relief under Rule 3.850, Fla. R. Crim. P. (*Id.*, Ex. 7). After several amendments and an evidentiary hearing, the motion was finally denied on August 28, 2018 (*Id.*, Ex. 13). Petitioner did not file a timely notice of appeal.

On October 26, 2018, Petitioner filed a petition for a belated appeal of the order denying the Rule 3.850 motion (*id.*, Ex. 15), which was granted on March 12, 2019 (*Id.*, Ex. 16). The denial of the Rule 3.850 motion was affirmed on appeal on December 27, 2019 (*Id.*, Ex. 18). The appellate mandate issued on May 6, 2020 (*Id.*, Ex. 19).

On May 5, 2020, Petitioner filed a state habeas petition in which he asked for release to probation due to the coronavirus outbreak (*Id.*, Ex. 21). The petition was denied on July 9, 2020 (*Id.*, Ex. 22). Petitioner filed his federal habeas petition on June 23, 2021 (Doc. 1, p. 1).

**Discussion**

I. The petition is untimely.

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Petitioner's judgment of conviction became final (Doc. 10). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner

2

may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). And "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction was affirmed by the appellate court on November 2, 2012. Therefore, for purposes of § 2244(d), the judgment became final ninety (90) days later on January 31, 2013. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004) (holding that Florida prisoner's conviction became "final" for AEDPA purposes on date the 90–day period for seeking certiorari review in Supreme Court expired); *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."); Supreme Court Rules 13(1) and (3) (for a petition for certiorari to be timely, it must be filed within 90 days after entry of the judgment or order sought to be reviewed). Thus, Petitioner's AEDPA statute of limitations period commenced on February 1, 2013. He therefore had until January 31, 2014, in which to file a timely

federal habeas petition under § 2254. His habeas petition was filed on June 23, 2021. Accordingly, his petition is untimely unless the limitations period was tolled for a sufficient period by properly filed state court post-conviction applications.

Two hundred ten (210) days of the AEDPA's limitations period elapsed before it was tolled by Petitioner's August 30, 2013 Rule 3.850 motion. The limitations period remained tolled through Thursday, September 27, 2018, the date Petitioner's 30–day right to appeal the state post-conviction court's August 28, 2018 order denying the Rule 3.850 motion expired. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) (a post-conviction motion is considered "pending" and tolls the AEDPA statute of limitations until it is fully resolved, which includes the time for filing an appeal, even if no appeal is filed); Fla. R. Crim. P. 3.850(k) (providing movant 30 days to timely appeal all orders denying motion for post-conviction relief).

The limitations period started again on Friday, September 28, 2018, and ran 28 days before it was tolled by Petitioner's October 26, 2018 petition for a belated appeal of the order denying his Rule 3.850 motion. *See Moore v. Crosby*, 321 F.3d 1377, 1380-81 (11th Cir. 2003) (holding that a motion for a belated appeal does not relate back to toll the idle periods between the expiration of the time to appeal and the allowance of a belated appeal); *Williams v. Crist*, 230 F. App'x 861, 867-68 (11th Cir. 2006) (because appellate court granted petition for belated appeal, petition tolled the AEDPA limitations period). The limitations period remained tolled until the appellate court

issued its mandate on May 6, 2020. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (Rule 3.850 motion is considered pending until the mandate issues in any appellate proceedings).

Before that mandate issued, Petitioner filed his state habeas petition on May 5, 2020. Thus, the limitations period remained tolled until that petition was denied by the Florida Second District Court of Appeal on July 9, 2020. The limitations period again started on July 10, 2020, and ran another 127 days before it expired (210+28+127=365) on Monday, November 16, 2020. Therefore, Petitioner's June 23, 2021 federal habeas petition is untimely.

II. Petitioner fails his burden to show entitlement to equitable tolling.

Petitioner argues his petition is not time-barred because he is entitled to equitable tolling of the AEDPA's limitations period during the "corona virus pandemic" (Doc. 1 at p. 14; Doc. 2; Doc. 11). Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). He must show a causal connection between the extraordinary circumstances and the late filing of the petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). A prisoner bears the burden of proving that he is entitled to equitable tolling.

*Id.* at 1268.

Petitioner has not met his burden to show he is entitled to equitable tolling. He alleges that due to the COVID-19 pandemic, he could not file a timely federal habeas petition because he had no access to the prison law library, law clerks, and legal materials (Doc. 2; Doc. 11). Lack of access to a prison law library or legal papers is not an extraordinary circumstance warranting equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) ("*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." (citing *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000))); *Castillo v. United States*, 2017 WL 5591797, at *3 (11th Cir. May 4, 2017) ("[N]either lack of access to a federal law library, nor periods of time in which a prisoner is separated from his legal documents constitute extraordinary circumstances [that warrant equitable tolling]."). Moreover, both the Eleventh Circuit Court of Appeals and district courts within the Eleventh Circuit, including this district, have declined to grant equitable tolling based on prison lockdowns caused by COVID-19. *See, e.g., Rush v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 3134763, at *1 (11th Cir. Jun. 22, 2021) (determining COVID-19 was not an "extraordinary circumstance" because all prisoners attempting to access legal resources were subject to COVID-19 protocols); *Powell v. United States*, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) ("Under this Court's precedents, lockdowns and similar limitations imposed because of the

6

COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling."); *Lutgen v. United States*, 2023 WL 2475309, at *5 (S.D. Fla. Mar. 13, 2023) ("However, this circuit's precedent is that 'lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling.'" (quoting *Powell*, 2022 WL 2811987, at *1); *Lebed v. Sec'y*, 2023 WL 6676138, at *3 (M.D. Fla. Oct. 12, 2023) (rejecting petitioner's argument that he was entitled "to equitable tolling based on lockdowns or the law library's being converted to a quarantine area due to COVID-19"). Accepting Petitioner's contentions as true, he fails to demonstrate extraordinary circumstances beyond his control and due diligence. Consequently, he is not entitled to equitable tolling.

Even if the COVID-19 pandemic justified equitable tolling due to lack of access to the law library or prison law clerks, Petitioner's allegations are insufficient to warrant relief or an evidentiary hearing. Petitioner fails to provide specific dates during which he had no access to either the prison law library or prison law clerks. Nor does he provide any evidence to support his contentions. In contrast, Respondent provides evidence showing that between January 2020 and March 2021, prisoners at Petitioner's institution had access to either the prison law library or prison law clerks, other than possibly in August and September 2020, and Petitioner himself used the law library at least six times and twice failed to attend the law library when he was

scheduled to go (Doc. 10-2, Ex. 25). Petitioner's allegations are therefore vague, unsubstantiated, and insufficient to justify equitable tolling. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 n. 7 (11th Cir. 2002) (Petitioner's allegations that he sent letters to the Clerk's office and pursued his case diligently was "not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support, especially when the evidence that has been presented undermines the petitioner's claim."); *Booker v. Folino*, 2005 U.S. Dist. LEXIS 33750, at *11–12, 2005 WL 3447641 (E.D. Pa. Dec. 15, 2005) ("A petitioner must offer specific evidence to show that denial of access to the courts should constitute a basis for equitable tolling of the AEDPA time limitation.") (citation omitted).

In sum, because Petitioner failed to file his petition within the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A), and because he failed to establish adequate grounds for equitable tolling, his petition must be dismissed as time-barred.

Accordingly, Respondent's motion to dismiss (Doc. 10) is **GRANTED**. Petitioner's petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The Clerk is directed to close this case.

**Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. A COA will issue only if the petitioner makes

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Petitioner cannot make that showing. And since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on May 3, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Petitioner, *pro se*

9